IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAYMOND WARNCKE, | § | |
| | § | No. 300, 2022 |
| Defendant-Below, | § | |
| Appellant | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No: 2110003724(K) |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: June 7, 2023
Decided: August 8, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

This 8th day of August 2023, after consideration of the parties' briefs, the record on appeal, and the argument of counsel, it appears to the Court that:

(1)    On October 8, 2020, Raymond Warncke, then 40-years-old, asked Tyrone Henry, a 71-year-old man, for a ride to the liquor store.  Upon returning to the house where he was staying, Warncke grew violent, repeatedly punching the older man in the face, refusing to calm down once police arrived, cursing the officers, resisting arrest, and kicking the door of one of the patrol vehicles.  As a result, Warncke was charged with, and ultimately convicted of,  assault on a person over 62 years of age, terroristic threatening, criminal mischief for "intentionally or

recklessly caus[ing] damage in an amount less than $5,000[,]"[1] and disorderly conduct. He was thereafter declared a habitual offender—he had previously been convicted of three violent felonies; aggravated menacing, resisting arrest, and rape in the fourth degree—and sentenced on the assault charge to 25 years at level V supervision suspended after 15 years for probation. Both the terroristic-threatening and criminal-mischief convictions resulted in one-year sentences suspended for one year of concurrent probation. And he was fined $575 for disorderly conduct.

(2)     Warncke appeals his sentence on two grounds. The first is that the Superior Court erred by treating his criminal-mischief conviction as a class A misdemeanor despite the jury's failure to make a specific finding that he had caused more than $1,000 in pecuniary damage. And the second is that the court failed to consider mitigation evidence when sentencing him for his assault conviction. For the reasons set forth below, we affirm Warncke's fifteen-year-prison sentence for assault in the second degree and remand his criminal-mischief conviction for resentencing as an unclassified misdemeanor.

(3)     Warncke first challenges the validity of his criminal-mischief sentence. There are three degrees of criminal mischief under 11 *Del. C.* § 811: it is a felony when the pecuniary loss exceeds $5,000; a class A misdemeanor when the loss exceeds $1,000 but is below $5,000; and an unclassified misdemeanor when the loss

---

[1] App. to Opening Br. at A6.

is $1,000 or less. Here, although Warncke was charged with class-A-misdemeanor criminal mischief, the State failed to introduce evidence at trial—besides the arresting officer's report, which, in an effort to process the warrant, estimated the damages at $3,000—showing the specific amount in pecuniary loss to the vehicle. But what is more important, the trial court failed to specify the amount in damages needed to justify a guilty verdict on the charge. As a result, no factual finding was made as to whether the damage to the patrol vehicle exceeded $1,000.

(4) Despite the absence of such a finding, the trial court sentenced Warncke as if he had been convicted of a class A misdemeanor. The State admits that this was error and requests that Warncke's sentence be vacated and remanded for resentencing as an unclassified misdemeanor. We agree with the State—the jury's conclusion that Warncke intentionally or recklessly caused some damage to the police vehicle, although insufficient to support a class A misdemeanor criminal-mischief charge, is enough to support the unclassified misdemeanor form of the charge.

(5) Warncke's second argument challenges the validity of the 15-year sentence that he received for his assault conviction. Specifically, Warncke argues that the trial court abused its discretion by failing to consider mitigation evidence

3

during his sentencing, relying heavily on the trial judge's statement at sentencing that "there are no mitigating factors found in this case[.]"[2]

(6)    "When [a] sentence is within the statutory limits," as was the case here, "this Court will not find an abuse of discretion unless it is clear that the sentencing judge relied on impermissible factors or exhibited a closed mind."[3]  "A judge sentences with a closed mind when the sentence is based on a preconceived bias without consideration of the nature of the offense or the character of the defendant."[4] Stated differently, a "judge must have an open mind for receiving all information related to the question of mitigation."[5]

(7)    Warncke believes that the trial judge's statement—that "there are no mitigating factors found in this case"—is *per se* evidence of a closed mind, particularly when viewed against the myriad mitigating factors  the defense pointed to in its sentencing presentation, which included Warncke's life-long struggles with mental health and alcoholism and his abusive and dysfunctional childhood.

(8)    Although the judge's statement, when viewed in isolation, might seem uncharitable, the totality of his comments made at sentencing demonstrate a thorough consideration of the mitigation arguments Warncke presented.   The

---

[2] *Id.* at A103.
[3] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).
[4] *Id.*
[5] *Id.*

4

sentencing judge acknowledged, for example, Warncke's claim that he was no longer a violent person, but nevertheless concluded that his extensive criminal record and current lack of remorse—demonstrated through his insistence that he acted in self-defense—weighed against taking him at his word. Warncke's claim to non-violence was also undermined by his admission, in a pre-sentencing letter to the court, that he had recently gotten into a fight at the correction facility in which he was being held. The judge also recognized Warncke's mental-health needs, ordering the Department of Correction to conduct the appropriate evaluations and transferring him to his preferred prison, the James T. Vaughn Correctional Center, where Warncke believed there to be better treatment options. These considerations, taken together, lead us to conclude that the court did not sentence with a closed mind and thus did not abuse its discretion.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be AFFIRMED IN PART and REMANDED IN PART for resentencing consistent with this Order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice